Nott, J.,
dissenting:
I dissent from the judgment of the court upon the following grounds:
1. Non-resident aliens have no right to resort to the courts of a country, and come in only by treaty or through international comity. It is a controlling principle that courts will not aid a foreigner to accomplish that which the laws of the country forbid to its own citizens. These alien claimants are like smugglers : if they had acquired the fruit of their traffic, carried on in defiance of the municipal law and public policy of the United States, courts of the United States would not disturb them in their possession; conversely, if the forbidden traffic failed to reach a result, they cannot ask courts of the United States to collude wTith them in eluding the laws of the United States;
2. The government, in these abandoned or captured property *328 cases, is a trustee. Tbe fund sought to be recovered is the fruit of the trust, with all the profits and advantages derived through the action of the government, and not the mere eight cents per pound that the claimants paid for their cotton. It would be contrary to the true intent of the statute to decree the government a trustee as to a transaction springing out of a traffic with the armed enemies of the United States, carried on by illicit means, in defiance of their laws, in violation of their blockade, and against their declared public policy. If the world could have anticipated the rule of law now insisted upon, there would have been no cotton owned in the insurgent districts, and the United States would now be the trustees of the persons who most completely placed ways and means at the disposal of the rebellion. If the claimants were entitled to recover, it would be merely the value of their cotton before capture; not a participation in the fruits of this trust.
3. The claimants, knowing that the interests and declared policy of the United States alike required that their insurgent citizens should be cut off from commercial intercourse with the rest of mankind, voluntarily dealt with them, giving to persons engaged in the rebellion an available commercial credit in the manufacturing markets of the world. The act was aid and comfort to the rebellion, voluntary on the one hand, effective on the other.
4. The distinction between this case and La Plante’s is that there the claimant neither violated the blockade, nor sent money into the insurgent territory; nor placed an available credit in a foreign market at the disposal of those seeking to overthrow ■ this government; while here they substantially did all three of these things.